IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **DAVIS/GILFORD, A JOINT VENTURE,**<br><br>**12530 Parklawn Drive**<br>**Rockville, MD 20852**<br><br>        **Plaintiff,**<br><br>**v.**<br><br>**TOWER INSURANCE COMPANY OF**<br>**NEW YORK,**<br><br>**120 Broadway, 31st Floor**<br>**New York, NY 10271**<br><br>        **Defendant.** | Case No._____ |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**PETITION TO CONFIRM ARBITRATION AWARD**

Plaintiff DAVIS/Gilford, A Joint Venture ("DGJV"), by counsel, and pursuant to section

9 of the Federal Arbitration Act hereby petitions this Court to confirm the arbitration award

issued in DGJV's favor by a panel of three arbitrators from the American Arbitration Association

and enter judgment against Defendant Tower Insurance Company of New York ("Tower") in the

amount of $1,735,423.09, plus post-judgment interest from May 24, 2014 until paid in full.

**Factual Background**

1.      DGJV entered into a contract with Punch Out Specialist Team ("POST") relating

to a construction project located in Washington, DC (the "Contract"). In connection with the

construction project, Tower issued a performance bond naming POST as principal and DGJV as

obligee (the "Bond"). The Bond incorporates the terms of the Contract by reference. The

Contract contains a mandatory, binding arbitration provision. Tower is bound by the arbitration

1

provision of the Contract.  A copy of the Contract is attached as Exhibit 1.  A copy of the Bond

is attached as Exhibit 2.

2.      Disputes arose between the parties and pursuant to the Contract, DGJV filed a

demand for arbitration against Tower with the American Arbitration Association ("AAA") on

March 11, 2013.

3.      On May 29, 2013, Tower simultaneously filed in this Court a Complaint against

DGJV claiming Tower was not bound to arbitrate its disputes with DGJV and a Motion to Stay

the arbitration.  Tower requested an expedited hearing on its Motion.  See Complaint, Tower Ins.

Co. of New York v. Davis/Gilford, A Joint Venture, 967 F. Supp. 2d 72 (D.D.C. 2013) (No. 13-

0781), ECF No. 1[1]; Motion to Stay Arbitration, ECF No. 3; Notice & Motion for Hearing, ECF

Nos. 4, 6.

4.      On May 31, 2013, this Court denied Tower's request for an expedited hearing.

See Order, ECF No 7.

5.      On June 12, 2013, DGJV filed its opposition to Tower's Motion to Stay, and

moved for summary judgment on Tower's Complaint.  See Opposition to Motion to Stay

Arbitration, ECF No. 9; Motion for Summary Judgment, ECF No. 8.

6.      On September 6, 2013, this Court denied Tower's Motion to Stay and granted

DGJV's Motion for Summary Judgment.  Order, ECF Nos. 15-16.  See Tower Ins. Co. of New

York v. Davis/Gilford, A Joint Venture, 967 F. Supp. 2d 72, 83 (D.D.C. 2013) ("The plain

language of the Performance Bond and Subcontract indicates that Tower is bound to the

arbitration provision in the Disputes Clause, and the Court finds no reason to depart from this

result.").

---

[1] All citations to documents filed in Case No. 13-0781 are hereinafter referred to by the
document name and ECF docket number.

7.     The parties proceeded to arbitration in the District of Columbia under the administration of the American Arbitration Association ("AAA").  A panel of three arbitrators was selected pursuant to the AAA Rules for the Construction Industry, and the parties presented witnesses and evidence at a ten day hearing before the panel.  Following the hearing, the parties submitted extensive post-hearing briefs to the panel.

8.     On April 24, 2014, the panel of arbitrators issued a unanimous award in favor of DGJV in the amount of $1,735,423.09, plus post-judgment interest from May 24, 2014 until paid in full (the "Arbitration Award").  A copy of the Arbitration Award is attached as Exhibit 3.

9.     The Arbitration Award was made in the District of Columbia

10.    Pursuant to 9 U.S.C. § 9, DGJV seeks confirmation of the Arbitration Award and entry of judgment against Tower by this Court.

## Jurisdiction

Jurisdiction is proper in this court as there is diversity of citizenship among the parties and the amount in controversy in the arbitration and amount of the Arbitration Award both exceed $75,000.  See 28 U.S.C. § 1332.  DGJV is a general partnership organized under the laws of the District of Columbia with its principal place of business in Maryland.  Tower is a corporation organized under the laws of New York with its principal place of business in New York.  Venue is proper in this Court because a substantial part of the events giving rise to this action occurred in the District of Columbia.  28 U.S.C. § 1391.  Additionally, Tower asserted that jurisdiction and venue are proper in this Court in its Complaint relating to the same agreement to arbitrate.  See Complaint at ¶¶ 5-6, ECF No. 1.  The Federal Arbitration Act applies as the Contract evidences a transaction involving commerce.  9 U.S.C. § 2; Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 402 n.7 (1967) (the transaction involving commerce is

a qualitative test: "A contract for the purchase of a single can of paint may evidence a transaction in interstate commerce . . . ."); <u>Contech Constr. Prods. v. Heierli</u>, 764 F. Supp. 2d 96, 107 (D.D.C. 2011) ("The FAA governs contracts to arbitrate disputes involving interstate commerce.").

<b>Argument</b>

DGJV is entitled to confirmation of the Arbitration Award and entry of judgment against Tower under section 9 of the Federal Arbitration Act.  <u>See</u> 9 U.S.C. § 9.  Pursuant to the statute, "any time within one year after the award is made any party to the arbitration may apply to the court . . . for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." <u>Id.</u>  "If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." <u>Id.</u>

The Contract provides: "Disputes with DAVIS/Gilford, a Joint Venture shall be resolved by arbitration in accordance with the rules of the American Arbitration Association **and judgment on the award rendered by the arbitrator[s] may be entered in any court having jurisdiction thereof**." (emphasis added).   This Court has previously determined that the parties are bound by the arbitration provision within the Contract.  <u>Tower Ins. Co. of New York v. Davis/Gilford, A Joint Venture</u>, 967 F. Supp. 2d 72, 83 (D.D.C. 2013).  As the Arbitration Award was made in the District of Columbia, this Court is the proper forum to enter judgment on the Arbitration Award.  <u>See</u> 9 U.S.C. § 9; <u>see also</u> <u>Owen-Williams v. BB & T Inv. Servs., Inc.</u> 717 F. Supp.2d 1, 21 (D.D.C. 2010) (application for confirmation of arbitration award is proper in D.D.C. where the arbitration took place in Washington, DC).

In considering an application for an order confirming an arbitration award, the court "has no discretion but to confirm the award" unless there is a "legal basis to vacate" the award. Int'l Thunderbird Gaming Corp. v. United Mexican States, 473 F. Supp. 2d 80, 83 (D.D.C. 2007), aff'd, 255 F. App'x 531 (D.C. Cir. 2007).  A court may vacate an award only upon an application "showing that one of the limited circumstances enumerated in the Federal Arbitration Act ("FAA") is present, or if the arbitrator acted in manifest disregard of the law." Id.  The party opposing the award "bears the heavy burden of establishing that vacatur of the arbitration award is appropriate." Id.

Pursuant to section 10 of the Federal Arbitration Act, the only bases for vacating an arbitration award are:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10; see also Int'l Thunderbird, 473 F. Supp. 2d at 83 (court may also vacate an arbitration award "where the arbitrator acted in manifest disregard of the law"). But see Priority One Servs., Inc. v. W & T Travel Servs., LLC, 825 F. Supp. 2d 43, 50 (D.D.C. 2011) (opining that vacatur for "manifest disregard of the law" may no longer be a viable basis to vacate an arbitration award following the Supreme Court decision Hall St. Assocs. v. Mattel, Inc., 552 U.S. 576 (2008)).

None of the bases for vacating an arbitration award exist in this case.  Further, "judicial review of an arbitration award is extremely limited" and vacation of an arbitration award is limited to instances of "extreme arbitral conduct."  Priority One Servs, 825 F. Supp. 2d 43 at 49 (internal citation omitted);  Int'l Thunderbird, 473 F. Supp. 2d at 83.  There is a heavy presumption in favor of affirming arbitration awards, which "must" be confirmed even in instances where only "some colorable support for the award can be gleaned from the record."  As none of the grounds for vacating an arbitration award exist in this case, the Court must confirm the Arbitration Award and enter judgment in favor of DGJV.

**Conclusion**

In light of the foregoing, DGJV respectfully requests that this Court grant DGJV's Petition to Confirm Arbitration Award, issue an order confirming the Arbitration Award, and enter final judgment against Tower in the amount of $1,735,423.09, plus post-judgment interest from May 24, 2014 until paid in full.

**Dated: April 29, 2014**

**Respectfully Submitted,**

Stephen M. Seeger (D.C. Bar No. 431258)
Jesse S. Keene (D.C. Bar No. 999718)
Hillary J. Boroian (D.C. Bar No. 1013633)
PECKAR & ABRAMSON, PC
2055 L Street, NW, Suite 750
Washington, DC 20036
Tel.:    (202) 293-8815
Fax:    (202) 293-7994
Email: seeger@pecklaw.com
          jkeene@pecklaw.com
          hboroian@pecklaw.com
*Counsel for Plaintiff Davis/Gilford, A Joint Venture*